IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

```
MICHAEL McCUNE,                        )
                                       )   2:10-cv-02011-GEB-GGH
               Plaintiff,              )
                                       )
          v.                           )
                                       )   ORDER DENYING PLAINTIFF'S
                                       )   MOTION FOR ATTORNEY'S FEES
628 HARVARD CAMERON, LLC;              )
WOODMAN VICTORY CAMERON, LLC;          )
FOUNTAIN VALLEY CAMERON, LLC;          )
COLBY BUTLER CAMERON, LLC;             )
BEVERLY HOWARD CAMERON, LLC,           )
                                       )
               Defendants.             )
_____       )
```

Plaintiff moves under 42 U.S.C. § 12205 of the American with Disabilities Act ("ADA") and under California law for $18,892.15 in attorney's fees and $3,883.86 in litigation expenses and costs. (Pl.'s Mot. for Attorney's Fees ("Pl.'s Mot."), ECF No. 41-1.) However, Plaintiff fails to comply with Local Rule 293(b), which prescribes in relevant part: "All motions for awards of attorneys' fees pursuant to statute shall, at a minimum, include an affidavit showing . . . the information pertaining to each of the criteria set forth in [Local Rule 293](c)." E.D. Cal. L.R. 293(b). Local Rule 293(c) prescribes:

> In fixing an award of attorneys' fees in those actions in which such an award is appropriate, the Court will consider the following criteria:
>
> (1) the time and labor required of the attorney(s);
> (2) the novelty and difficulty of the questions presented;

1

```
            (3) the skill required to perform the legal
        service properly;
            (4) the preclusion of other employment by the
        attorney(s) because of the acceptance of the
        action;
            (5) the customary fee charged in matters of
        the type involved;
            (6) whether the fee contracted between the
        attorney and the client is fixed or contingent;
            (7) any time limitations imposed by the client
        or the circumstances;
            (8) the amount of money, or the value of the
        rights involved, and the results obtained;
            (9) the experience, reputation, and ability of
        the attorney(s);
            (10) the "undesirability" of the action;
            (11) the nature and length of the professional
        relationship between the attorney and the client;
            (12) awards in similar actions; and
            (13) such other matters as the Court may deem
        appropriate under the circumstances.
```

Id. 293(c).

Failure to comply with the local rule governing the filing of motions for attorney's fees is a reason for denial of the motion. E.g., McIntosh v. N. Cal. Universal Enters., Inc., No. CV F 07-1080 LJO GSA, 2010 WL 3369848, at *7 (denying attorney's fees motion when "moving declaration addresse[d] only the time spent by [the] attorneys, not the other criteria [in] Local Rule 293" and "supplemental reply declaration . . . offer[ed] brief, insubstantial comments to address the [Rule 293] criteria"); see also Johansson v. Wachovia Mortg., FSB, No. C 11-02822 WHA, 2012 WL 2793204, at *1-2 (N.D. Cal. July 9, 2012) ("Defendant failed to comply with the local rules governing the filing of a motion for attorney's fees. Thus, the motion is DENIED."). Here, Plaintiff attaches his attorney Lynn Hubbard's declaration to his motion for attorney's fees, but the declaration fails to address the criteria in Local Rule 293(c) other than "the time and labor required of the attorney(s)" and "the experience, reputation, and ability of the

2

attorney(s)." (Decl. of Lynn Hubbard III ¶¶ 1, 4-18, ECF No. 41-2; <u>id.</u>, Ex. A.)

Plaintiff also requests $3,883.86 in costs and litigation expenses. However, each of these costs appears in Plaintiff's Bill of Costs. (Bill of Costs, ECF No. 36.) "To avoid potential inconsistency between the Clerk's taxation of costs and the Court's award of expenses, the Court declines to address [Plaintiff]'s request for expenses [and costs] until after the Clerk's Office has [determined whether to] tax[] costs . . . ." <u>Funai Elec. Co., Ltd. v. Daewoo Elecs. Corp.</u>, No. C-04-01830 JCS, 2009 WL 1110825, at *2 (N.D. Cal. Apr. 24, 2009).

For the stated reasons, Plaintiff's motion for attorney's fees and costs is denied.

Dated: September 5, 2013

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge